**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ANGELA SMITH**                                                                                          **PLAINTIFF**

**v.**                         **CASE NO. 2:11-CV-00069 BSM**

**ARKANSAS FEDERAL CREDIT UNION,** *et al.*                              **DEFENDANTS**

**ORDER**

Angela Smith filed lawsuit in the Circuit Court of Monroe County, Arkansas on February 18, 2011. Her complaint alleges breach of contract, breach of fiduciary duty, fraud, and unjust enrichment, all arising from the payment of life insurance proceeds to the wrong person. On April 12, 2011, defendants removed the case to the Eastern District of Arkansas, citing federal question jurisdiction. After considering the pleadings, it is determined that this court does not have subject matter jurisdiction, and this case is REMANDED to the Circuit Court of Monroe County for further proceedings.

Defendant Prudential Insurance Company of America ("Prudential") provides insurance benefits pursuant to the Servicemen's Group Life Insurance Act, 38 U.S.C. § 1965 *et seq.*, to the Department of Veterans' Affairs under group policy number G-32000. Angela Smith's father, Frank Smith, was covered by a life insurance policy provided pursuant to the Servicemen's Group Life Insurance Act and underwritten by Prudential during his time in the United States Army. He named Angela Smith as a beneficiary of the life insurance policy. After Frank's death, Angela received several monthly installments of death benefits. She contends, however, that she received no benefits from February to September 2007. As a

result she alleges breach of contract, breach of fiduciary duty, fraud, and unjust enrichment.

Defendants argue that this case is removable to federal court pursuant to 28 U.S.C. § 1441(b), which allows for removal of claims arising under the Constitution, treaties, or laws of the United States. Section 1441(b) essentially allows a party to remove a case over which a district court has original jurisdiction pursuant to 28 U.S.C. § 1331. Defendants argue that because plaintiff is seeking payment of insurance benefits that arise under the Servicemen's Group Life Insurance Act, her case arises under the laws of the United States.

A suit to enforce a right that takes its origin in the laws of the United States does not for that reason alone invoke the original jurisdiction of the federal courts pursuant to § 1331. *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912). The suit must really and substantially involve a dispute over the validity, construction, or effects of the laws of the United States. *Id.* If the underlying cause of action is a state law claim, federal question jurisdiction can only be invoked if: (1) the case necessarily raises a federal issue, (2) the federal issue is substantial and in actual dispute, and (3) the exercise of federal jurisdiction will not disturb any congressionally approved balance between the federal and state judicial responsibilities. *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313–315 (2005). Additionally, the question of whether a claim arises under federal law must be determined by reference to the plaintiff's "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc v. Thompson*, 478 U.S. 804, 808 (1986).

Angela Smith's complaint raises only state law causes of action. While defendants

point out that her right to insurance benefits arises from the Servicemen's Group Life Insurance Act, there is no indication that this statute is otherwise relevant to this litigation and no indication that Smith's complaint puts an issue of federal law into actual dispute.

The Servicemen's Group Life Insurance Act authorizes the Secretary of Veteran's Affairs to purchase from one or more life insurance companies a policy of policies of group life insurance to benefit members of the uniformed services. 38 U.S.C. § 1966(a). This life insurance is provided by a private insurance company and the group policy does not create a contract between the government and the policy holder. *Ross v. United States*, 444 F.2d 568, 570–71 (Ct. Cl. 1971). Because the insurance is provided by a private insurance company, the breach of policy action lies against the insurance company. *Id.* The question of whether Prudential breached its policy is a straightforward question of contract law. There is no indication that the controversy raises issues regarding the Servicemen's Group Life Insurance Act. The same is likewise true of Smith's breach of fraud, duress, and breach of fiduciary duty claims.

38 U.S.C. § 1975 does provide a district court with original jurisdiction to hear all civil actions or claims against the United States founded upon the Servicemen's Group Life Insurance Act. The United States, however, is not a party to this suit.

The jurisdiction of federal courts is narrowly confined and must be established as a threshold matter. *Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). There is no indication that Smith's complaint puts a substantial issue of federal law into

actual dispute. As such, federal subject matter jurisdiction has not been established and the case is remanded to the state court for further proceedings.

IT IS SO ORDERED this 25th day of May 2011.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE